UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 3:10CR128 (RNC) |
| : | |
| GALVIN HAMMETT, ET AL : | |

**RULING AND ORDER**

In October 2011, Terence McNichol was sentenced to 115 months' imprisonment and four years' supervised release following his plea of guilty to conspiracy to distribute and to possess with intent to distribute 500 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846.  He now moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), which provides that a court may reduce a term of imprisonment if the defendant has been sentenced based on a guideline range that has been lowered by the Sentencing Commission.  For the reasons that follow, the motion is **denied.**

Defendant seeks a reduction of his sentence based on Amendment 782, which authorizes a two-level reduction in a defendant's offense level for certain drug offenses, effective November 1, 2014.[1]  He argues that based on Amendment 782, his

---

[1] Amendment 782 reduces by two levels the offense levels assigned to the quantities that trigger the statutory minimum penalties in § 2D1.1 and § 2D1.11 of the Sentencing Guidelines. The Amendment applies retroactively to those sentenced prior to November 1, 2014.

base offense level would decrease from 26 to 24, his total offense level would decrease from 23 to 21, and the resulting guideline range would be 77-96 months instead of 92-115 months.[2] Upon consideration of the factors outlined in § 3553(a) as required, defendant argues that his sentence should be reduced to a sentence within the range of 77-96 months.

    Defendant does not qualify for a sentence reduction because his guideline range has not been lowered by Amendment 782.  At the time of the original sentencing, the Court determined that the defendant was a career offender under U.S.S.G. § 4B1.1, with a total offense level of 31.  Amendment 782 does not change the career offender guidelines; thus defendant is not eligible for a sentence reduction under the Amendment.  See U.S.S.G. § 1B1.10, Application Note 1 ("A reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . an amendment . . . does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision."); see also, e.g., Newton v. United States, No. 02 CR 476 KTD, 2014 WL 6491961, at *1 (S.D.N.Y. Nov. 17, 2014) ("Because [defendant] was sentenced

---

[2] Defendant's calculations do not include the Chapter Four enhancements.  Though his base offense level was 26, it was adjusted to 34 because he met the criteria for career offender status based on his numerous prior convictions for sale of narcotics.  Defendant's acceptance of responsibility lowered his total offense level to 31.

by this Court as a Career Offender, pursuant to United States Sentencing Guideline § 4B1.1, he is not eligible for a reduction under 18 U.S.C. § 3582(c)(2).").

    SO ORDERED this 5th day of December, 2014, at Hartford, Connecticut.

                                                  /s/ RNC  
                                          Robert N. Chatigny  
                                    United States District Judge